**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| *SHAQUILLE H. BLAKEY*, </br>      Plaintiff, </br> </br> *v.* </br> </br> *NORTHERN ILLINOIS UNIVERSITY*, </br>      Defendant. | ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) |

## COMPLAINT

Plaintiff Shaquille Blakey, by his counsel, Paúl Camarena, respectfully complains as follows:

### Introduction.

1) The Fair Credit Reporting Act and its progeny provide that, when creditors report consumer information to consumer reporting agencies, creditors must also report any consumer disputes of that information. In the case at bar, Defendant Northern Illinois University is reporting its purported information about Mr. Blakey to consumer reporting agencies, but Defendant is failing to report that Mr. Blakey disputes that purported information. Thus, Defendant Northern Illinois University is violating the Fair Credit Reporting Act.

### Jurisdiction and Venue.

2) Pursuant to 28 U.S.C. § 1331, United States District Courts have jurisdiction over this case because the case counts arises under the laws of the United States. Pursuant to 28 U.S.C. § 1391(b)(2), the Northern District of Illinois, Eastern Division, is the proper venue because the Eastern Division is where a substantial part of the events or omissions giving rise to this case occurred.

**Parties.**

3) Plaintiff Shaquille Blakey is a "consumer" as that term is defined in 15 U.S.C. § 1681a(c), and Mr. Blakey resides within the Eastern Division.

4) Defendant Northern Illinois University is a "person" as that term is defined in 15 U.S.C. § 1681a(b) (the "term 'person' means any individual, partnership, corporation, trust, estate, cooperative, association, government or governmental subdivision or agency"). *See also*, *Begres v. Experian Info. Sols.*, 19 cv 11649 (E.D. Mich. 2020), ECF No. 45, pp. 7 & 8 ("Congress expressly waived the States' sovereign immunity when enacting the FCRA. See 15 U.S.C. § 1681a(b) (expressly applying the statute to any 'government or governmental subdivision or agency, or other entity'); *see also Smith v. Ohio State Univ.*, 191 F. Supp. 3d 750, 755 (S.D. Ohio 2016) (concluding that the FCRA applied to the defendant state university, an arm of the State)").

**Factual Allegations.**

5) Defendant Northern Illinois University is reporting to consumer reporting agencies that Ms. Blakey has an account ("Account number 91FEEBXXXXXXXXXXXXXX"). More specifically, Defendant Northern Illinois University is reporting, *inter alia*, account "Past due amount $1,981," "Balance on Nov. 18, 2020 $1,981," "Paid off: 0%," "Monthly payment $40," and delinquencies.

6) Mr. Blakey has disputed the accuracy of Defendant Northern Illinois University's reported information with consumer reporting agencies; and, upon information and belief, the consumer reporting agencies have forwarded Mr. Blakey's disputes to Defendant and Defendant has received those disputes.

7) Although Defendant Northern Illinois University is aware that Mr. Blakey is disputing Defendant's reported information, upon information and belief, Defendant made the decision to

continue reporting the disputed information without any notation of the dispute.

8) Because Defendant Northern Illinois University failed to report to a credit reporting agency that the debt is disputed, the plaintiff suffered a real risk of financial harm caused by an inaccurate credit rating.

## Cause of Action.

### Count One

9) The Fair Credit Reporting Act, at 15 U.S.C. § 1681s-2(b)(1)(D), states that, "[a]fter receiving notice [ ] of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall[, ] if the investigation finds that the information is incomplete or inaccurate, report those results." Hence, "[i]f a consumer disputes the accuracy of credit information, the FCRA requires furnishers to report that fact when reporting the disputed information." *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1162 (9th Cir. 2009). Further, "after receiving notice of dispute, a furnisher's decision to continue reporting a disputed debt <u>without any notation of the dispute presents a cognizable claim</u> under § 1681s-2(b)." *Id*., citing *Saunders v. Branch Banking & Trust Co. of Va.*, 526 F.3d 142, 150 (4th Cir. 2008) (emphasis added).

10) Defendant Northern Illinois University willfully violated 15 U.S.C. § 681s-2(b)(1)(D) by making the decision to continue reporting the disputed debt without any notation of Mr. Blakey's dispute.

## Prayer for Relief.

WHEREFORE, Shaquille Blakey prays that this Court (1) holds a trial by jury, (2) enters judgment in his favor (and against Defendant Northern Illinois University) for his actual damages, statutory damages, and reasonable attorney's fees and costs pursuant to 15 U.S.C. §

1681n(a), and (3) orders prospective equitable relief for this ongoing violation of federal law.

        Respectfully submitted,
        Plaintiff's, Shaquille Blakey's, Counsel
        North & Sedgwick, L.L.C.
by:    */s/ Paúl Camarena*    .
        Paúl Camarena, Esq.
        500 So. Clinton, No. 132
        Chicago, IL 60607
        paulcamarena@paulcamarena.com
        (312) 493-7494